NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Anthony V. OTTILIO and OTTILIO PROPERTIES LLC<br><br>    Plaintiffs,<br><br>v.<br><br>VALLEY NATIONAL BANCORP, VALLEY NATIONAL BANK, Michael GHABRIAL, John CINA, Andrew B. ABRAMSON, Robert C. SOLDOVERI, Hans KRETCHMAN, Alfred SORRENTINO, Jr. and GENOVA BURNS GIANTOMASI WBESTER, LLC<br><br>    Defendants. | Civ. No. 13-7154<br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter is before the Court upon four pending motions: (1) Defendant Genova Burns Giantomasi Webster, LLC's motion to dismiss, (Docket No. 8); (2) Defendants Valley National Bancorp, Valley National Bank, John Cina, Andrew B. Abramson, Robert C. Soldoveri, and Alfred Sorrentino, Jr.'s motion to dismiss, (Docket No. 19); (3) Defendants Valley National Bancorp, Valley National Bank, John Cina, Andrew B. Abramson, Robert C. Soldoveri, and Alfred Sorrentino, Jr.'s motion for sanctions; and (4) Defendant Genova Burns Giantomasi Webster, LLC's motion for sanctions.  The Court has decided the matter upon consideration of the parties' written submissions and oral arguments.  For the reasons set forth below, the Court grants Defendants' motions to dismiss and denies Defendants' motions for sanctions.

## II.  BACKGROUND

Plaintiffs allege that over the course of ten years, the Defendants conspired and entered into a fraudulent enterprise to acquire valuable properties held by Anthony V. Ottilio and Ottilio Properties, LLC.  (Docket No. 1 at 1).  Plaintiffs claim Defendants breached their fiduciary duties, failed to disclose conflicts of interest, and solicited bribes from their real estate investors in exchange for insider access and information.  (*Id.*).  Plaintiffs' complaint alleges 11 claims for relief:

1. RICO Section 1962(c);

2. RICO Section 1962(d);

3. N.J. RICO, *N.J.S.A.* 2C:41-1;

4. N.J. RICO Conspiracy, *N.J.S.A.* 2C:41-1;

5. Common Law Fraud

6. Consumer Fraud;

7. Personal Liability for Fraud against the Individual Defendants;

8. Tortious Interference with Prospective Business Relationships;

9. Tortious Interference with Existing Contracts;

10. Slander of Title; and

11. Intentional Infliction of Emotional Distress.

(*Id.*).

The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C.A. § 1964 and 28 U.S.C. § 1367.

### III.  LEGAL STANDARD

*Motion to Dismiss*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The court may disregard any conclusory legal allegations.  *Id*.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged."  *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

### IV.  ANALYSIS

*i. Defendants' Motions to Dismiss*

Plaintiffs' Complaint alleges 11 claims for relief.  The Court will first consider Plaintiffs' claims under the federal civil RICO statute.

*1. Federal RICO Claims*

To state a cause of action under the federal civil RICO statute, "the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum*, 361 F.3d at 223). Plaintiffs do not adequately allege a RICO claim. Plaintiffs fail to properly allege a predicate act and a pattern of racketeering activity.

1. <u>Predicate Act</u>

To allege a civil RICO claim under federal law, Plaintiffs must allege "at least two predicate acts of racketeering activity." *Lum*, 361 F.3d at 223; 18 U.S.C. § 1961(1). Here, Plaintiffs allege predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. The federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343, prohibit use of the interstate mail or wires, for the purpose of conducting "any scheme or artifice to defraud." 18 U.S.C. §§ 1341, 1343. Where a plaintiff relies on mail and wire fraud as the basis for its allegations of racketeering activity, the allegations of fraud must comply with Fed. R. Civ. P. 9(b)'s heightened pleading standard. *See In re Ins. Brokerage*, 618 F.3d at 370.

To meet this standard, the Complaint must "identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentations." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, No. 06-3044(FLW), 2008 WL 5413105, at *11 (D.N.J. Dec. 23, 2008) (quoting *Annulli v. Panikkar*, 200 F.3d 189, 201 n.10 (3d Cir. 1999)). Further, where multiple defendants are accused of mail or wire fraud, the Complaint must plead the fraud with particularity as to each defendant. *Lum*, 361 F.3d at 224.

Here, the Complaint alleges that "[t]he Defendants used the U.S. mails and wirings sent or delivered through private or commercial interstate carriers in furtherance of their enterprise," (Docket No. 1), and that Defendants violated the federal mail and wire fraud statutes by making fraudulent misrepresentations regarding their "intentions on the mortgage-loan agreements" to induce Plaintiffs and other borrowers to enter into the fraudulent mortgage transactions. (*Id.*). These allegations fall short of meeting the particularity requirements of Fed. R. Civ. P. 9(b). Moreover, Plaintiffs fail to specify which defendant made an alleged misrepresentation and for what purpose, when the misrepresentation was made, or how the misrepresentations allegedly deprived borrowers of their property. The Complaint also does not identify a single alleged fraudulent communication that was transmitted by mail or wire. *Lubart v. Riley & Fanelli, P.C.*, 1998 WL 398253, at *7 (E.D. Pa. June 22, 1998). Thus, the factual allegations set forth in the Complaint are insufficient to support a civil RICO claim.

2. Pattern of Racketeering Activity

To demonstrate a pattern of racketeering activity, Plaintiffs must allege "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Plaintiffs must also show "that the racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity." *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991) (internal citation omitted). The Third Circuit considers the following factors in determining whether a pattern of racketeering activity has been alleged: "the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity." *Id.* at 1412-13 (quoting *Barticheck v. Fid. Union Bank/First Nat'l State*, 832 F.2d 36, 39 (3d Cir. 1987)). Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or

otherwise are interrelated by distinguishing characteristics." *Zahl v. New Jersey Dep't of Law & Pub. Safety Div. of Consumer Affairs*, 428 F. App'x 205, 211 (3d Cir. 2011) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).

It is well settled that allegations of a single fraudulent scheme designed to deprive a single victim of his property on a single occasion do not adequately allege a RICO violation. *See Zahl, M.D. v. New Jersey Dep't of Law & Pub. Safety*, No. 06-3749(JLL), 2009 WL 806540, at *7 (D.N.J. Mar. 27, 2009) aff'd sub nom. Zahl v. New Jersey Dep't of Law & Pub. Safety Div. of Consumer Affairs*, 428 F. App'x 205 (3d Cir. 2011); *see also Ross v. Celtron Int'l, Inc.*, 494 F. Supp. 2d 288, 303 (D.N.J. 2007); *Kehr*, 926 F.2d at 1417; *Banks v. Wolk*, 918 F.2d 418, 422-23 (3d Cir. 1990).

Here, the Complaint alleges a RICO violation arising out of a single scheme directed only at Plaintiffs. During oral argument, the Court asked Plaintiffs to identify other individuals or entities that were deprived of property by the alleged criminal enterprise. Plaintiffs were unable to name any other targeted individuals. During oral argument, Plaintiffs claimed that the criminal prosecution of Defendant Michael Ghabrial suggests that all of the Defendants engaged in a criminal enterprise that engaged in a pattern of racketeering activity. The criminal prosecution of Defendant Michael Ghabrial does not suggest that the named Defendants in this civil action engaged in a pattern of racketeering activity. Thus, Plaintiffs fail to properly allege a pattern of racketeering activity.

Therefore, Plaintiffs' federal civil RICO claims must be dismissed.

*2. State Law Claims*

Plaintiffs' federal law claims are dismissed. The Third Circuit has held that, absent "extraordinary measures," supplemental jurisdiction "should be declined where the federal

claims are no longer viable[.]" Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and the matter is dismissed.

*ii. Defendants' Motions for Sanctions*

Defendants move for Rule 11 sanctions against Defendants. During oral argument, Defendants explained that their request for sanctions was based on the severity of the claims brought against the Defendants and the lack of evidence to support the charges.

"Rule 11 sanctions may be awarded in exceptional circumstances in order to discourage plaintiffs from bringing baseless actions or making frivolous motions." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir.1994) (emphasis added). "Since [Rule 11's] amendment in 1993, the decision whether to issue sanctions under the rule rests within the court's discretion. As a result, the 1993 amendments are viewed to discourage imposition of monetary and other sanctions under the Rule where conduct does not reach the point of clear abuse*." Kuhns v. CoreStates Fin. Corp.,* 998 F.Supp. 573, 577 (E.D.Pa.1998) (emphasis added).

The Court agrees with Defendants' assertion that Plaintiffs' allegations lacked factual support. However, the Court does not find that Plaintiffs' conduct rose to the level of abuse necessary to justify the imposition of sanctions.

Therefore, Defendants' motions for sanctions are denied.

V. CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Date: 3/6/14